

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00313-CV

**IN THE INTEREST OF R.P.** and R.K., Children

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-01921
Honorable Richard Garcia, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:     Sandee Bryan Marion, Justice
             Marialyn Barnard, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  October 23, 2013

AFFIRMED

Appellant Ashley K., mother of R.P. and R.K., minor children, appeals the trial court's order terminating her parental rights to R.P. and R.K.  On appeal, Ashley challenges the sufficiency of the evidence to support the termination of her rights and the appointment of the Texas Department of Family and Protective Services as R.P. and R.K.'s sole managing conservator. Because the evidence was sufficient to support the trial court's finding of a predicate ground for terminating Ashley's parental rights, and that the termination was in R.P.'s and R.K.'s best interests, we affirm the trial court's order.

### BACKGROUND

R.P. was born on October 21, 2007, and R.K. was born December 28, 2009.  Ashley was arrested in June of 2011 and subsequently served approximately one year in a state jail facility.

On August 1, 2011, the Texas Department of Family and Protective Services filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship regarding R.P. and R.K. The petition sought termination of Ashley's parental rights, as well as the rights of R.P.'s and R.K.'s fathers. Family Service Plans were created for the parents and a mediated settlement agreement was reached.

After Ashley failed to comply with the mediated settlement agreement, the Department set the matter for hearing and a bench trial was held over three days: February 28, 2013, April 12, 2013, and May 6, 2013. At the close of testimony and argument, the trial court took the matter under advisement. The trial court subsequently terminated Ashley's parental rights based on findings that Ashley (1) constructively abandoned R.P. and R.K., (2) failed to comply with the provisions of a court order that specifically established the actions necessary for Ashely to obtain the return of the children, and (3) used a controlled substance and failed to complete a court-ordered treatment program. *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O), (P) (West Supp. 2013). The trial court also found termination would be in R.P.'s and R.K.'s best interests. *See id.* § 161.001(2). After her parental rights were terminated, Ashley perfected this appeal.

## STANDARD OF REVIEW

Parental rights may be terminated only upon clear and convincing evidence the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code, and termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1), (2); *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 358 (Tex. 2003). "Clear and convincing evidence is 'proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *In re J.O.A.*, 283 S.W.3d at 344 (quoting TEX. FAM. CODE ANN. § 101.007 (West 2008)).

In evaluating the evidence for legal sufficiency in parental termination cases, we examine "'all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *Id.* (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). We must also "disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *In re J.F.C.*, 96 S.W.3d at 266.

When the evidence is challenged for factual sufficiency, we also review the disputed or conflicting evidence. *In re J.O.A.*, 283 S.W.3d at 345; *In re J.F.C.*, 96 S.W.3d at 266. We afford due deference to the fact-finder's findings and will not supplant the reasonable fact-finder's judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam). "'If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.'" *In re J.O.A.*, 283 S.W.3d at 345 (quoting *In re J.F.C.*, 96 S.W.3d at 266).

## CONSTRUCTIVE ABANDONMENT

We first turn to the trial court's finding that Ashley constructively abandoned R.P. and R.K. Section 161.001(1)(N) requires the State to prove that Ashley

> constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and:
>
> (i) the department or authorized agency has made reasonable efforts to return the child to the parent;
> (ii) the parent has not regularly visited or maintained significant contact with the child; and
> (iii) the parent has demonstrated an inability to provide the child with a safe environment.

*See* TEX. FAM. CODE ANN. § 161.001(1)(N).

The evidence shows that Ashley returned to San Antonio in September 2012 after being incarcerated for approximately a year in Dayton County, Texas for a drug offense. During her incarceration, R.P. and R.K. were placed with a family friend, Vicki. Shortly after her release, on November 16, 2012, Ashley entered into a mediated settlement agreement with the Department. Under the agreement, Ashley could have supervised visitation with R.P. and R.K. as long as she was clean and sober and attended counseling. Although visitation was provided for in the mediated settlement, Ashley saw her children only twice in eight months following her incarceration.

There is no dispute that Ashley was only drug tested on two occasions and did not attend counseling after her release. Throughout the hearing, Ashley blamed her caseworker for her own failure to comply with the mediated settlement agreement. Ashley contends that she remained free of drugs, but her continuous calls to her caseworker failed to result in additional drug testing and her caseworker refused to provide the necessary referral for the required drug assessment. Ashley likewise blamed her failure to attend counseling on her caseworker. Because her caseworker refused to allow her to use a counselor of her choice, and failed to send her a letter with the name of her assigned counselor, Ashely argued she could not comply with the mediated settlement agreement.

Regardless of her drug tests, however, Ashley argues Vicki refused to answer her calls and Vicki returned Ashley's text messages with allegations that R.P. and R.K. did not want to see Ashley. Ashley testified that on December 28, 2012, she finally called her caseworker and was allowed to speak to R.P. on a three-way telephone call. That was the last time Ashley spoke to her children, either in person or via telephone.

The caseworker confirmed Ashley was drug-tested only twice, and both tests were negative. The caseworker, however, explained the ongoing difficulties in making contact with her. While the case was pending, Ashley moved at least five times, often did not have a working

phone number, and held several different jobs. Moreover, at most of her court settings Ashley appeared only telephonically because she was either at work or did not have a ride to the courthouse. The one time Ashley appeared for a court setting she was drug tested.

The State's preparation and administration of a service plan for the parent constitutes evidence that the State made reasonable efforts to return the child to the parent. *See, e.g.*, *In re K.M.B.*, 91 S.W.3d 18, 25 (Tex. App.—Fort Worth 2002, no pet.). Looking at all of the evidence in the light most favorable to the trial court's findings, giving due consideration to evidence that the fact finder could reasonably have found to be clear and convincing, we conclude that a reasonable trier of fact could have formed a firm belief or conviction that Ashley constructively abandoned R.P. and R.K. (1) by failing to regularly visit or maintain significant contact with the children, (2) by demonstrating an inability to provide them with a safe environment, and (3) by failing to complete her service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(N); *In re H.R.M.*, 209 S.W.3d at 108.

## BEST INTEREST OF THE CHILD

Ashley also challenges the court's finding that terminating her parental rights is in R.P.'s and R.K.'s best interests; she contends that the evidence "does not support" the finding.

We consider several factors "when determining whether termination of parental rights is in the best interest of the child." *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). These include the statutory factors in section 263.307 of the Family Code, *id.* (citing TEX. FAM. CODE ANN. § 263.307 (West 2008)), as well as the common law factors described by the supreme court in *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976)). These factors include the following:

    (A)   the desires of the child;
    (B)   the emotional and physical needs of the child now and in the future;
    (C)   the emotional and physical danger to the child now and in the future;
    (D)   the parental abilities of the individuals seeking custody;

(E) the programs available to assist these individuals to promote the best interest of the child;

(F) the plans for the child by these individuals or by the agency seeking custody;

(G) the stability of the home or proposed placement;

(H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(I) any excuse for the acts or omissions of the parent.

*Holley*, 544 S.W.2d at 372 (footnotes omitted). These factors are not exhaustive; they need not all be proved as a condition precedent to termination and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Furthermore, although a parent's imprisonment is not automatic grounds for termination, it is a factor that courts may consider in determining the child's best interest. *See In re C.L.C.*, 119 S.W.3d 382, 399 (Tex. App.—Tyler 2003, no pet.); *In re C.T.E.*, 95 S.W.3d 462, 466 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

At the time of Ashley's incarceration, R.P. was three-years old and R.K. was only one. Ashley was incarcerated for a drug-related offense and much of the mediated settlement agreement focused on concerns for the children's safety. Although Ashley completed several drug treatment and self-help programs while incarcerated in the state jail facility, she failed to enroll in any form of counseling after she was released. Ashley lived in several different places across the state and managed only two visits with R.P. and R.K. during the eight months following her incarceration. Ashley blamed her caseworker for all of her failures to comply with the mediated settlement agreement. The record shows neither R.P. nor R.K. know their mother or have any type of relationship with her. Ashley never accepted any personal responsibility for her actions or offered any emotional or financial support for R.P. and R.K. Finally, during the hearing, Vicki testified that she wished to adopt R.P. and R.K.

Having reviewed the entire record, we conclude the evidence was sufficient for the trial court to have formed a firm belief or conviction that terminating Ashley's parental rights was in R.P.'s and R.K.'s best interests. *See* TEX. FAM. CODE ANN. § 161.001(2); *In re C.T.E.*, 95 S.W.3d at 466–67.

## CONCLUSION

Because the evidence was legally and factually sufficient to support the trial court's finding of a predicate ground for termination under Texas Family Code section 161.001(1) and that termination is in the best interest of each child under section 161.001(2), we affirm the trial court's order terminating Ashley's parental rights to R.P. and R.K.

Patricia O. Alvarez, Justice